UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**Quenjetta McLaurin**

801 Franklin Street, Apt. 607

Oakland, California 94607

Telephone: (205) 593-1444

Email: qgmclaurin@gmail.com

Plaintiff, Pro Se,

v.

**Williams Rush & Associates, LLC,**

a Texas limited liability company,

Defendant.

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(Jury Trial Demanded)

### I. JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, including the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

2. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District, Defendant's unlawful credit inquiry impacted Plaintiff's consumer credit file in this District, and Plaintiff suffered harm in this District.

3. Defendant Williams Rush & Associates, LLC is a debt collection agency with its principal place of business in Texas and regularly conducts business nationwide, including in California.

## II. PARTIES

4. Plaintiff Quenjetta McLaurin is a natural person residing in Alameda County, California.

5. Defendant Williams Rush & Associates, LLC is a third-party debt collector as defined by 15 U.S.C. § 1692a(6) and a "person" under the FCRA.

## III. FACTUAL ALLEGATIONS

6. Defendant claimed to be attempting to collect an alleged consumer debt purportedly originating from a retail rental-purchase agreement dating to approximately 2021.

7. Plaintiff disputes the alleged debt and informed Defendant that the account was disputed and believed to be time-barred under California's four-year statute of limitations for written contracts, California Code of Civil Procedure § 337.

8. Plaintiff did not apply for credit with Defendant, did not authorize Defendant to access her consumer credit report, and did not initiate any transaction that would permit a hard inquiry.

9. On or about December 23, 2025, Plaintiff received multiple alerts from Experian and Credit Karma notifying her that Defendant had placed a hard inquiry on her consumer credit report.

10. The hard inquiry occurred after Plaintiff had already informed Defendant that the alleged debt was disputed and unenforceable.

11. At the time of the inquiry, Defendant had no permissible purpose under 15 U.S.C. § 1681b to access Plaintiff's consumer credit report.

12. Defendant's inquiry was not made in connection with any extension of credit, review of an existing account, or other lawful purpose recognized under the FCRA.

13. Following the unauthorized inquiry, Defendant attempted to pressure Plaintiff regarding the alleged debt and implied adverse consequences despite no judgment existing and despite the alleged obligation being time-barred.

14. Plaintiff filed a complaint with the Consumer Financial Protection Bureau (CFPB). Defendant responded but failed to produce lawful authorization or a valid permissible purpose for accessing Plaintiff's credit report.

15. As a direct and proximate result of Defendant's conduct, Plaintiff suffered a credit score impact, paid for daily credit monitoring services, lost approximately sixty (60) days of business funding eligibility, spent approximately twenty (20) to twenty-five (25) hours addressing the matter, and experienced emotional distress during the holiday season while caring for her one-year-old child.

## IV. FIRST CAUSE OF ACTION – Fair Credit Reporting Act

16. Plaintiff realleges and incorporates paragraphs 1 through 15.

17. Defendant accessed Plaintiff's consumer credit report via a hard inquiry without a permissible purpose in violation of 15 U.S.C. § 1681b.

18. Defendant's conduct was willful, knowing, or reckless, or alternatively negligent, entitling Plaintiff to statutory, actual, and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

## V. SECOND CAUSE OF ACTION – Fair Debt Collection Practices Act

19. Plaintiff realleges and incorporates paragraphs 1 through 18.

20. Defendant used false, deceptive, or misleading representations and unfair means to attempt collection in violation of 15 U.S.C. §§ 1692e and 1692f.

## VI. DAMAGES

21. Plaintiff seeks statutory damages, actual damages, punitive damages, costs of suit, and such other relief as the Court deems just and proper.

## VII. INJUNCTIVE RELIEF

22. Plaintiff seeks injunctive relief prohibiting Defendant from accessing Plaintiff's consumer credit report in the future without a lawful permissible purpose.

## VIII. JURY DEMAND

23. Plaintiff demands a trial by jury on all issues so triable.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor, award damages and costs, grant injunctive relief, and provide any further relief deemed just and proper.

Respectfully submitted,

_____

*[signature]*

**Quenjetta McLaurin**

Plaintiff, Pro Se

Date: 01/30/26